UNITED STATES DISTRICT COURT
DISTRICT OF CONNECTICUT

```
ANTHONY C. KAPTEIN,                         :
          Plaintiff,                        :
     vs.                                    :   No. 3:11cv734(MRK)(WIG)
MICHAEL J. ASTRUE,                          :
Commissioner of Social Security,
                                            :
          Defendant.
--------------------------------------------X
```

ORDER GRANTING DEFENDANT'S MOTION FOR ENTRY OF JUDGMENT
WITH REVERSAL AND REMAND [DOC. # 15]

Defendant, Michael J. Astrue, Commissioner of the Social Security Administration, has moved this Court to enter judgment with a reversal and remand of this cause to the Commissioner. Counsel for Defendant represents that she has contacted Plaintiff's counsel, Victor M. Rodriguez, Esq., who consents to the relief sought in this motion.

Under sentence four of 42 U.S.C. § 405(g), the Court has the power to enter a judgment with a reversal and remand of the cause to the Commissioner for further proceedings. *See Shalala v. Schaefer*, 509 U.S. 292, 297 (1993); *Melkonyan v. Sullivan*, 501 U.S. 89, 98 (1991). Remand for further development of the record is appropriate when gaps exist in the administrative record or when the administrative law judge ("ALJ") committed legal error. *See Parker v. Harris*, 626 F.2d 225, 235 (2d Cir. 1980).

Here, the Commissioner has determined, and Plaintiff's counsel concurs, that remand of this case is necessary for further development of the record and additional administrative action. Upon remand, the Appeals Council will assign the case to a different ALJ, who will be instructed to attempt to obtain a copy of the surveillance tapes reviewed by the Office of the Inspector

General in this matter, and, if successful, to review and evaluate the contents of those tapes. In accordance with the requirements stated in the Commissioner's Hearings, Appeals and Litigation Law Manual ("HALLEX"), Section I-5-1-15, and Social Security Ruling 00-2p, the ALJ will determine whether there is reason to believe, based on a preponderance of the evidence, that Plaintiff knowingly submitted, or caused to be submitted, false or incomplete evidence and thus committed "similar fault." If the ALJ finds that Plaintiff committed "similar fault," the ALJ will identify the specific evidence of record that will be disregard in re-assessing Plaintiff's disability status. The ALJ will conduct a new administrative hearing, with medical expert testimony based upon the updated record as to Plaintiff's severe impairments and the extent of any resulting functional limitations. The ALJ will additionally obtain vocational expert testimony as needed to assist in determining the impact of a revised residual functional capacity on Plaintiff's ability to perform work at the relevant exertional level. Plaintiff may submit additional, relevant medical evidence at the hearing on remand. The ALJ will then issue a decision based upon the total record, identifying record evidence supporting any finding of "similar fault" and any specific record evidence to be disregarded as a result, and identifying record evidence supporting the updated residual functional capacity findings.

     Accordingly, the Court hereby GRANTS the Defendant's Assented to Motion for Entry of Judgment Under Sentence Four of 42 U.S.C. § 405(g) with Reversal and Remand of the Cause to the Defendant [Doc. # 15]. Plaintiff's Motion for Judgment on the Pleadings [Doc. # 10] is GRANTED only to the extent set forth in this Order.

     This is not a Recommended Ruling. The parties have consented to the Magistrate Judge's entering a final order in this case without the need for entry of a recommended ruling and

review by a District Judge.  See Fed. R. Civ. P. 73(b).

The Clerk is directed to enter a separate judgment in favor of Plaintiff in this matter under Rule 58(a), Fed. R. Civ. P., to remand this cause to the Commissioner for further administrative proceedings in accordance with this Order, and to close this case.

It is SO ORDERED, this  1st   day of February, 2012, at Bridgeport, Connecticut.


                                           /s/ *William I. Garfinkel*
                                               WILLIAM I. GARFINKEL
                                               United States Magistrate Judge